IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re RYSE CONSTRUCTION, INC., | Chapter 11 |
| | Case No. 11-26778-SSC |
| | (Not for Publication- Electronic Docketing ONLY) |
| Debtor. | MEMORANDUM DECISION |

## I. INTRODUCTION

This matter comes to the Court on a motion by the Internal Revenue Service to vacate the order confirming Ryse Construction's plan of reorganization pursuant to Rule 60(b)(4) and (b)(6). On November 7, 2012, Ryse Construction filed "Debtor's Response to the Motion Seeking Revocation of the Order Confirming the Plan of Reorganization."[1] The Court held a hearing on the matter on January 9, 2013 and took the matter under advisement at that time.

## II. FACTUAL BACKGROUND

---

**1.** Although the Debtor styles the IRS motion as a "Motion Seeking Revocation of the Order Confirming the Plan of Reorganization," the IRS does not seek to revoke the order pursuant to 11 U.S.C. § 1144. Instead, the IRS is arguing that the Plan is void–that it did not have force or effect to begin with–because of the deficiencies in notice as discussed in this decision. Courts have recognized this important procedural distinction. In re Rideout, 86 B.R. 523, 530 (Bankr. N.D. Ohio 1988); *see also* In re Downtown Inv. Club III, 89 B.R. 59, 62-63 (B.A.P. 9th Cir. 1988)(voiding a modification to a chapter 11 plan for lack of sufficient notice). Thus, the Court does not need to address the Debtor's arguments relating to revocation of the discharge under § 1144.

1

This bankruptcy proceeding was initiated on September 20, 2011 when Ryse Construction, Inc. ("Ryse") filed its chapter 11 petition. On September 28, 2011, the Bankruptcy Noticing Center sent out notice of the Meeting of Creditors, using the recipient names and addresses submitted by the Debtor. The attached list to the notice included the "Internal Revenue Service, P.O. Box 9941, Stop 5300, Ogden, Utah 84409." On October 18, 2011, Ryse filed its schedules, listing the Internal Revenue Service as a creditor holding an unsecured priority claim in an unknown amount. The mailing address on the Schedules simply states "Ogden, UT." The November 9, 2011 certificate of notice from the Bankruptcy Noticing Center provides a mailing address for the IRS in Philadelphia, Pennsylvania, and also notes that the address filed with the court was Ogden, Utah. Despite this notation, Debtor apparently continued to use the Utah address throughout the bankruptcy proceeding. The IRS did not make any appearances at hearings or file any motions, but did file a proof of claim on October 7, 2011 and an amended proof of claim on September 20, 2012. The address listed by the IRS on its proof of claim (and later the amended proof of claim) as the proper place for notices to be sent was "Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346," the same address substituted by the Bankruptcy Noticing Center.

Ryse filed its original disclosure statement and plan of reorganization December 20, 2011. The IRS contends that this plan provided for payment in full of the IRS claim. While it is true that the original plan proposed to pay tax claims in full, the related disclosure statement specifies that the IRS priority claim would not be paid because the IRS proof of claim was "internally inconsistent and factually inaccurate" and "barred by the applicable statute of limitations." Regardless, the Court held a hearing on the disclosure statement on May 15, 2012, and after counsel for Ryse discussed possible resolution of various issues, the Court ordered Ryse to file a new disclosure statement by June 15, 2012. The hearing on the amended disclosure statement was continued to July 12, 2012.

Ryse filed a "First Amended Disclosure Statement" and "First Amended Chapter

2

11 Plan of Reorganization" on June 15, and the Court held a continued hearing on the disclosure statement on July 12. No creditors objected to the First Amended Disclosure Statement, so the Court conditionally approved it and ordered Ryse to make final changes to reflect a settlement entered into with a creditor. The Debtor then filed an amended disclosure statement on July 16, 2012, and it was approved on July 26, 2012. Both the First Amended Disclosure Statement and the subsequent amended version provide that Ryse would pay the IRS priority claim of $214,643.64. Following the approval of the disclosure statement, two creditors filed ballots accepting the plan, one creditor file a motion to approve a settlement, and the Arizona Department of Revenue ("ADOR") filed an objection to the plan.

The Court held a confirmation hearing on September 11, 2012. At the hearing, Ryse's counsel stated that the ADOR had withdrawn its objection. Because no representative from the ADOR was present to confirm this, the Court ordered that the ADOR sign off on the confirmation order. Separate and apart from the discussion regarding the ADOR claim, the Court discussed the plan's treatment of the IRS claim. The Debtor's counsel represented that the IRS claim was in the amount of about $214,600, and proceeded to make an offer of proof to cram down the IRS claim with payment of the claim to be made ninety days after the effective date of the Plan. The Court conducted a thorough feasibility analysis in light of the IRS claim. Due to the seasonal nature of the Debtor's business, the Court allowed the Debtor to make a partial payment on the IRS priority claim on the Plan's effective date and to pay the balance ninety days thereafter. A Minute Entry was entered providing for payment of one-half of the IRS claim on October 15, 2012, and the other half on February 15, 2013. The Minute Entry further stated, incorrectly, that the IRS was to sign off on the order rather than the ADOR.[2]

### III. ISSUES

1. Whether the IRS received notice satisfying the requirements of due process.

---

**2.** Although every effort is made to ensure the accuracy of a minute entry, in this matter, the IRS was misstated as the ADOR. The Debtor or Creditor is always able to obtain a compact disk of a transcript of the hearing to determine what the Court ordered at the time of the hearing.

3

2. Whether the IRS made a timely objection to the confirmation order.

IV. DISCUSSION

Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 9024, provides that on motion within one year of the entry of the judgment, and just terms, a court may relieve a party from a final judgment or order. However, this power is not to be exercised lightly. Relief from a judgment "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 130 S.Ct. 1367, 1377, 176 L. Ed. 2d 158 (2010). Bankruptcy courts, as courts of equity, have power to reconsider, modify, or vacate their previous orders only so long as no intervening rights have become vested in reliance on such orders. In re Int'l Fibercom, Inc., 503 F.3d 933, 940 (9th Cir. 2007).

**1. Whether the IRS did not receive notice such that it was deprived of due process**

A court may exercise its power to relieve parties of a judgment when a judgment is void or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2), (4) (2013). A judgment is void if a court lacks jurisdiction due to defective notice. In re Center Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir. 1985); In re Levoy, 182 B.R. 827, 832 (B.AP. 9th Cir. 1995). Personal jurisdiction is lacking in these instances because the deficient notice deprives the party in interest of its constitutional due process rights. Center Wholesale, 759 F.2d at 1448. There is, however, a distinction between violations of the due process clause and mere violations of statutory notice requirements. Id. A violation of statutory notice requirements is not necessarily a violation of due process. In re Manchester Center, 123 B.R. 378, 381 (Bankr. C.D. Cal. 1991)

Therefore, the party seeking relief under Rule 60(b)(4) must not only identify a technical inadequacy in the notice provided, but must also establish the denial of right to due

4

process. Center Wholesale, 759 F.2d at 1448, Manchester Center, 124 B.R. at 381. Failing to comport with statutory notice requirements under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure may or may not deprive the party of its constitutional due process rights. *Compare* Manchester Center, 123 B.R. 378 (holding that, despite non-compliance with Bankruptcy Rule 4001(d), the creditor was afforded notice sufficiently comporting with the requirements of due process) *with* In re Villar, 317 B.R. 88 (B.A.P. 9 th Cir. 2004)(recognizing that due process may be satisfied in some instances when a party does not comply with the statutory notice requirements, but ultimately finding that no evidence existed to show that the objecting party received actual notice satisfying due process requirements in that instance). The Court must first consider whether the Debtor in this case complied with the relevant statutory notice requirements, and, if not, must then determine whether the Debtor's failure to comply deprived the IRS of its due process rights.

### A. Whether Ryse Construction Complied with the Relevant Statutory Notice Requirements

The IRS contends that it did not receive notice pursuant to Fed. R. Bankr. P. 2002(b) (requiring 28 days notice to parties in interest for filing objections and the hearing to consider confirmation of a chapter 11 plan), 2002(g)(1)(A) (requiring notice be sent to the address designated by a creditor in its proof of claim), and 2002(j) (requiring notice to the IRS in a chapter 11 case be sent to the address set out in the register maintained under Rule 5003(e)).

From the very beginning of the case, Ryse sent notices to an IRS address in Ogden, Utah. It apparently continued to do so throughout the case, despite the fact that (1) the IRS proof of claim designated the Philadelphia address as the proper address where notices should be sent and (2) the Clerk of the Court for the U.S. Bankruptcy Court for the District of Arizona has properly listed the same Philadelphia address pursuant to Rule 5003(e). Thus, Ryse did not comply with the statutory notice requirements by failing to mail notices, including those relating to the Amended Plan of Reorganization and related hearings, to the Philadelphia address.

5

### B. Whether the IRS was Deprived of its Constitutional Due Process Rights

The Court must next determine whether the Debtor's failure to comply with the relevant statutory requirements concerning notice rises to the level of depriving the IRS of its fundamental due process rights. Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 130 S. Ct. 1367, 1378, 176 L. Ed. 2d 158 (2010). The standard for what amounts to constitutionally adequate notice is fairly low. Id. The adequacy of notice depends upon the factual context, with regard to the timeliness and specificity of the notice in light of the Bankruptcy Code provisions governing the debtor's actions. In re Center Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir. 1985). In Center Wholesale, the Ninth Circuit decided that one-day notice was not sufficient to apprise the creditor on the debtor's motion to use cash collateral. Id. at 1449. Particularly troubling in that case was the fact that the relevant creditor's security interest was eroded by the cash collateral order despite the language of the stipulation and notice, which stated that other lienholders would not be affected. Id. at 1449 – 50. More recently, the United States Supreme Court found that actual notice of the filing and contents of a debtor's plan satisfied the creditor's due process rights, even when the debtor failed to comply with a procedural rule. Espinosa, 130 S.Ct. at 1378.

In this case, Ryse filed its petition on September 20, 2011. The IRS filed a proof of claim on October 7, 2011, which was after the notice regarding the Meeting of Creditors sent to the IRS' Utah address on September 28, 2011 but prior to the Bankruptcy Noticing Center's correction of the address on November 9, 2011. Thus, the IRS apparently received notice of the case by receiving notice of the Meeting of Creditors at the Utah address, and thereafter filed its proof of claim. Moreover, Ryse filed its original disclosure statement and plan of reorganization on December 20, 2011. The Debtor sent out notice of the hearing on the disclosure statement on April 6, 2012, and used the IRS' Utah address. The IRS apparently received notice of the

disclosure statement and received the disclosure statement, because it argued that it had received the Plan and believed that it would be paid in full. The Disclosure Statement, however, does provide that the Debtor had a specific objection to the IRS proof of claim. Regardless, the IRS' acknowledgment of treatment under the original plan is important for two reasons. First, it indicates that the IRS had notice of that plan, even though the Debtor had apparently continued to use the Utah address. Second, the notice of the original disclosure statement and plan placed the IRS on notice that its claim might be disputed. The IRS did not respond to the original disclosure statement or plan in any way. It also did not object to service at the Utah address for the following nine months.

The IRS had actual notice of its treatment under the Plan and yet failed to timely object. Ryse filed a certificate of mailing that states that the amended disclosure statement, amended plan, ballots for voting on the plan, and notice to the creditors were mailed to the creditors listed on the master mailing list. The IRS concedes that it received copies of the amended plan, amended disclosure statement, and notice of the confirmation hearing at the Utah address, but argues that these documents had to be rerouted and, as a result, were not received by the IRS bankruptcy specialist overseeing the case until after the confirmation hearing. One could argue that the IRS received actual notice of this case, especially considering that the IRS accepted notice from the Debtor at the Utah address without objection throughout the case, based on this admission alone.

The Court, however, has found additional evidence that the IRS had actual notice prior to the Court entering the confirmation order. The Debtor contends that the bankruptcy specialist for the IRS assigned to this case called Ryse's counsel on September 13, 2012–two days after the confirmation hearing– and spoke with a paralegal who informed the bankruptcy specialist that the plan had been conditionally confirmed and that an order would be submitted shortly. Ryse also contends that counsel for the Debtor spoke with the same IRS employee on September 18, 2012, and that Debtor's counsel informed her that the confirmation order had

7

been submitted, that the order would probably be signed shortly, and that the Debtor would make its first payment to the IRS on October 15, 2012. Both the Debtor's counsel and the paralegal filed affidavits to this effect, and the IRS has not contradicted the assertions. The Court does note that the September 11, 2012 Minute Entry incorrectly states that the IRS was to execute the confirmation order,[3] agreeing to its treatment in the Order. This may have led to some confusion on the part of the IRS, but the IRS filed no affidavit stating that the bankruptcy specialist who spoke with the Debtor's counsel actually relied on the Minute Entry and believed that the confirmation order could not be signed until the IRS signed.[4] Furthermore, the mistake does not relate to the deprivation of notice such that it would offend the IRS' due process rights and void a judgment under Rule 60(b)(4). If anything, it could be argued that this constitutes a mistake that would justify relief from the order pursuant to Rule 60(b)(1), but this has not been pled or argued, and the IRS has not placed sufficient facts on the record to justify a sua sponte finding by this Court.

**2. Whether the IRS made a timely objection to the confirmation order.**

The Court must also consider whether, notwithstanding any purported deficiencies in notice, it may void the confirmation order in light of the subsequent developments in the case, such as payments made to creditors. Bankruptcy courts, as courts of equity, have power to reconsider, modify, or vacate their previous orders only so long as no intervening rights have become vested in reliance on such orders. In re Int'l Fibercom, Inc., 503 F.3d 933, 940 (9th Cir. 2007). Once a plan of reorganization is confirmed, res judicata binds all parties as to all questions that could have been raised pertaining to the plan. Trulis v. Barton, 107

---

**3.** In fact, it was ordered that the Arizona Department of Revenue execute the confirmation order as to its treatment.

**4.** At the January 9, 2013 hearing on the IRS motion to vacate, counsel for the IRS stated that it was the bankruptcy specialist's understanding–at the time she received notice of the proposed confirmation order–that the IRS had to sign off on the order. Still, the IRS has not filed an affidavit to this effect, and the bankruptcy specialist was not in the court to confirm or deny the statements made.

8

F.3d 685, 691 (9th Cir. 1995); <u>Stratosphere Litigation L.L.C. v. Grand Casinos, Inc.</u>, 298 F.3d 1137, 1143 (9th Cir. 2002). In both <u>Trulis</u> and <u>Stratosphere</u>, the Ninth Circuit held that res judicata barred parties from collaterally challenging the confirmation of plans of reorganization that released non-debtor third parties from liability, even though these plan provisions are not provided for under the Bankruptcy Code. <u>Id</u>. Recently, the Supreme Court held that a creditor was barred from challenging a debtor's chapter 13 plan provisions discharging student loan interest–also contrary to provisions of the Bankruptcy Code–because the confirmed plan was not "on par with the jurisdictional and notice failings that define void judgments that qualify for relief under Rule 60(b)(4)." <u>Espinosa</u>, 130 S.Ct. at 1379. The confirmation order remained in effect because the creditor forfeited its arguments regarding the validity of service and adequacy of the bankruptcy court procedures by failing to timely object. <u>Id</u>. at 1380. "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." <u>Id</u>. The Court must then consider whether the IRS failed to timely object such that it has forfeited its arguments relating to sufficiency of notice.

This case presents similarities to the above-cited cases that would justify such forfeiture. On December 20, 2011, Ryse filed its original disclosure statement and plan, in which it disputed the full amount of the IRS priority tax claim. On April 6, 2012, the Debtor sent notice of these pleadings and notice of the May 15, 2012 hearing to the IRS' Utah address. While it is unclear if the IRS received this notice prior to the May 15 hearing,[5] the IRS has explained that documents sent to the Utah address are eventually re-routed to the correct Philadelphia address. Thus, the April 6 notice put the IRS on notice that the Court was considering disclosure statements and plans in which the Debtor objected to the IRS claim months before the approval of the disclosure statement on July 26, 2012 or the order confirming the plan on September 21, 2012. After addressing various issues with the initial disclosure statement at the May 15 hearing,

---

**5.** Indeed, the Minute Entry shows that the IRS was not represented at the May 15 hearing. See Docket Entry No. 67.

9

the Court continued the disclosure statement hearing to July 12, 2012. The amended disclosure statement and plan, filed on June 15, 2012, propose to pay the IRS a priority claim of $214,543.64 rather than nothing at all. After the July 12 hearing, Ryse made some minor changes to the amended disclosure statement unrelated to the IRS claim, which was then approved on July 26, 2012. The plan was conditionally confirmed at the September 11, 2012 hearing, and confirmed on September 21, 2012 by court order.

In this four-month period between the initial hearing on the disclosure statement and the order confirming the plan on September 21, the IRS took no action other than filing an amended proof of claim on September 20, 2012. The Court carefully analyzed the issues of plan confirmation with the Debtor at the September 11 hearing. Unfortunately, the IRS was not present to dispute the factual assertions by Ryse that the IRS priority claim amounted to $214,543.64, significantly less than that claimed by the IRS in its proof of claim. Nor did the IRS file any objections after the September 11 hearing when counsel for the Debtor informed the IRS bankruptcy specialist that an order approving the plan had been submitted and would be approved shortly. Instead, the IRS waited until October 19, 2012–more than a month after the confirmation hearing and nearly a month after the Court entered the order confirming the plan–to file its motion to vacate the confirmation order. Since the time of confirmation, Ryse has commenced its plan and made plan payments to many creditors. Significantly, Ryse made substantial payments to the IRS predicated on the latter's priority claim, and the IRS accepted these payments. The IRS now demands that the Court reconsider the order confirming the plan.

The IRS received actual notice of the Debtor's treatment of the IRS priority claim long before the September 11 hearing. Moreover, it received actual notice of the September 11 hearing by receiving the notice at the Utah address. Therefore, the IRS is barred by res judicata from re-litigating the confirmation issues addressed by the Court at the September 11 hearing. This includes the factual determination of the amount of the IRS priority claim. Moreover, the IRS received actual notice by at least September 18, before the Court entered its order

10

confirming the plan on September 24, and yet the IRS failed to object for more than a month after the time that it received such actual notice. Considering its dilatoriness in the preceding months since the filing of the original plan and disclosure statement as well as failure to timely object prior to the confirmation order, the IRS "slept on its rights" and forfeited its rights to object to deficiencies in service. Finally, bankruptcy courts, as courts of equity, are limited in approving motions to reconsider when intervening rights have become vested in reliance on those orders. In re Int'l Fibercom, Inc., 503 F.3d 933, 940 (9th Cir. 2007). Voiding the confirmation order at this point would interfere with the vested rights of the creditors, including the IRS, who have received payments under the plan.

## V. CONCLUSION

Based upon the foregoing, the Court concludes that the IRS Motion to Vacate must be denied.

The Debtor is directed to lodge an order consistent with the Court's Memorandum Decision.

DATED this 29th day of March, 2013.

*[signature]*

Honorable Sarah Sharer Curley
United States Bankruptcy Judge